# **EXHIBIT 1**

STATE OF VERMONT

| | |
|---|---|
| SUPERIOR COURT<br>WINDHAM UNIT | CIVIL DIVISION<br>Docket No. |

ELISABETH DIGNITTI )
    Plaintiff, )
     )
v. )
     )
THE BRATTLEBORO RETREAT )
    Defendant. )

## COMPLAINT

NOW COMES the Plaintiff, Elisabeth Dignitti, by and through her attorneys, Windham Law, PLC, and complains and alleges against Defendant as follows:

### The Parties

1. The Plaintiff, Elisabeth Dignitti ("Ms. Dignitti") is a natural person with a residence in Keene, New Hampshire.

2. The Defendant, The Brattleboro Retreat (the "Retreat"), is a Domestic Non-profit Corporation with its principal place of business at Anna Marsh Lane, Brattleboro, Vermont.

### Jurisdiction and Venue

3. Jurisdiction is proper pursuant to 21 V.S.A. § 495.

4. Venue is proper in Windham County as the Defendant maintains a place of business in Windham County and all of the events underlying the Complaint took place in Windham County.

### Facts

5. Ms. Dignitti began her employment with the Retreat in 2009 as a mental health worker providing direct care mental health services to inpatient clients.

6. Ms. Dignitti quickly distinguished herself as a skilled and dedicated staff member who genuinely believed in the value of the Retreat's mission and service to the community.

7. In 2013, Ms. Dignitti's commitment to patient care lead her to obtain an associate's degree in nursing with the expressed purpose of furthering her career with the Brattleboro Retreat.

8. Upon obtaining her licensure as a Registered Nurse, Ms. Dignitti was immediately promoted to the position of Charge Nurse for the Osgood 3 Unit.

9. Again, in her position as a Charge Nurse, Ms. Dignitti received excellent performance reviews.

10. In 2018, Ms. Dignitti's performance review was replete with glowing comments including but not limited to: "Els was part of the opening of this unit and crucial to carrying out the vision;" "Remains respectful – professional in all situations;" and "Firmly redirects gossip consistently."

11. Following this excellent performance review, Ms. Dignitti was again promoted, this time to the position of Clinical Nurse Manager.

12. When Ms. Dignitti accepted the position of Clinical Nurse Manager her designation came with an increase in pay and a new supervisor–Megan Baston ("Ms. Baston").

13. Initially, upon working with Ms. Baston, Ms. Dignitti felt that Ms. Baston did not like Ms. Dignitti's style of direct communication.

14. Ms. Dignitti is from the Netherlands and her direct communication style is an immutable cultural characteristic.

15. Although previous supervisors had worked with Ms. Dignitti to be conscious as to how she was being received by others, Ms. Dignitti's direct communication was also viewed as an asset as well as a valuable addition to the diversity of the organization.

16. Ms. Baston, however, did not share this view and was constantly curt, dismissive, and cold to Ms. Dignitti, seemingly due to the cultural differences inherent to Ms. Dignitti's national origin.

17. Despite Ms. Baston's hostile and unlawful treatment of Ms. Dignitti due to her national origin, Ms. Dignitti continued to perform her duties in a professional and compassionate manner.

18. On August 27, 2019, however, Ms. Baston's unprofessional behavior crossed a line that Ms. Dignitti could not, in good conscience, ignore.

19. The incident in question occurred while Ms. Dignitti attended a meeting among herself, Ms. Baston, and a number of other managers and directors.

20. During the meeting, Ms. Baston and several other managers and directors began to make jokes of a sexual nature about a male nurse, Edward Dowd ("Mr. Dowd"), who was not present.

21. Ms. Dignitti was appalled by the sexual jokes and she was equally concerned about the target of the harassment.

22. Ms. Dignitti was aware that Mr. Dowd was a central and vocal member of the employees' Union and she was particularly concerned that this sexually aggressive conversation was being directed at Mr. Dowd, by members of management at a time when the Retreat was engaged in a contentious contract negotiation with the employees' Union.

23. Ms. Dignitti sat in stunned silence as Ms. Baston and her fellow managers laughed and disparaged Mr. Dowd.

24. The following day Ms. Dignitti, still sickened by what she witnessed, requested a meeting with the members of management and administration who had engaged in the sexually harassing conversation.

25. Although Ms. Baston could not be present, Ms. Dignitti addressed the various coworkers and supervisors regarding the previous day's harassing conversation.

26. Ms. Dignitti was clear that conversation of a sexual nature, pointed at a colleague with the intention of demeaning that colleague, was unacceptable.

27. Although a few members of management agreed, Ms. Dignitti was primarily met with annoyance, with one manager telling her that meetings with members of management should be a "safe-space" for such joking and one director telling her "you should have said something yesterday."

28. While processing her coworkers' and directors' responses, Ms. Baston sought out Ms. Dignitti via text message.

29. Ms. Baston, however, was not upset that high-ranking managers and directors had been making sexually harassing jokes about a nurse. Rather, Ms. Baston was upset that Ms. Dignitti had addressed the issue at all and that she had done so in a meeting without Ms. Baston present.

30. Via text message, Ms. Baston initially requested an individual meeting with Ms. Dignitti, then changed her mind and instead called a group meeting.

31. At the group meeting Ms. Baston initially begrudgingly affirmed the validity of Ms. Dignitti's complaint. She did so, however, in a manner that clearly communicated her displeasure with Ms. Dignitti's complaint and minimized the harmful nature of sexual harassment.

32. After Ms. Dignitti's complaint, Ms. Baston became increasingly cold and hostile to Ms. Dignitti. Ultimately, on November 11, 2019, Ms. Dignitti received a Termination Memorandum, terminating her employment with the Brattleboro Retreat.

33. The Termination Memorandum indicated that Ms. Dignitti had made a number of vaguely identified "code of conduct violations," clearly pretextual reasons for Ms. Dignitti's termination.

## Count I: Sexual Harassment
## In Violation of 21 V.S.A. § 495h

34. Ms. Dignitti alleges as though specifically set forth the allegations of paragraphs 1 through 33.

35. The Defendant subjected Ms. Dignitti to unlawful sexual harassment by failing to keep her workplace free from sexual harassment.

36. As a result of Defendant's conduct, Ms. Dignitti suffered damages including but not limited to lost wages and emotional distress.

## Count II: Discrimination Based On Sex
## In Violation of 21 V.S.A. § 495

37. Ms. Dignitti alleges as though specifically set forth the allegations of paragraphs 1 through 36.

38. The Defendant subjected Ms. Dignitti to unlawful discrimination based upon her sex in the terms and conditions of her employment.

39. As a result of Defendant's conduct, Ms. Dignitti suffered damages including but not limited to lost wages and emotional distress.

### Count III: Discrimination on the Basis of National Origin
### In Violation of 21 V.S.A. § 495

40. Ms. Dignitti alleges as though specifically set forth the allegations of paragraphs 1 through 39.

41. The Defendant subjected Ms. Dignitti to unlawful discrimination based upon her national origin in the terms and conditions of her employment.

42. As a result of Defendant's conduct, Ms. Dignitti suffered damages including but not limited to lost wages and emotional distress.

### Count IV: Retaliation
### In Violation of 21 V.S.A. § 495

43. Ms. Dignitti alleges as though specifically set forth the allegations of paragraphs 1 through 42.

44. The Defendant subjected Ms. Dignitti to adverse employment actions in the terms and conditions of her employment in retaliation for reporting unlawful sexual harassment at the hands of her supervisor.

45. As a result of Defendant's conduct, Ms. Dignitti suffered damages including but not limited to lost wages and emotional distress.

WHEREFORE, the Plaintiff, Elisabeth Dignitti, requests judgment against the Defendant for compensatory damages including but not limited to lost wages and benefits, emotional distress, costs and attorneys' fees, punitive damages, and all other relief to which the Plaintiff is entitled.

### JURY TRIAL

Plaintiff demands a trial by jury of all claims.

Dated at Brattleboro, Vermont, this 29 day of April 2020.

                ELISABETH DIGNITTI

                WINDHAM LAW, PLC
                Attorneys for Plaintiff

By:      */s/ John C. Mabie*

                John C. Mabie, Esq.
                45 Linden Street
                Brattleboro, VT 05301
                jmabie@windhamlawvt.com
                802-257-5292 x2
                ERN: 4937

STATE OF VERMONT

SUPERIOR COURT  
WINDHAM UNIT

CIVIL DIVISION  
Docket No. 20-cv-00171

ELISABETH DIGNITTI,

    Plaintiff

v.

THE BRATTLEBORO RETREAT,

    Defendant

## NOTICE OF FILING OF NOTICE OF REMOVAL TO SUPERIOR COURT

**PLEASE TAKE NOTICE** that on the 7 date of May, 2020, pursuant to 28 U.S.C. §§ 1441 and 1446, defendant The Brattleboro Retreat ("The Retreat") filed a Notice of Removal of this action with the Clerk of the United States District Court for the District of Vermont, attached hereto as Exhibit 1. By filing that Notice, The Retreat has effected the removal of this action to the United States District Court for the District of Vermont.

**PLEASE TAKE FURTHER NOTICE** that pursuant to 28 U.S.C. § 1446(d), this Court shall proceed no further unless and until this action is remanded.

**PLEASE TAKE FURTHER NOTICE** that to preserve its rights and so as not to have a default judgment entered against it, the Retreat hereby notifies this Court that it will not file a responsive pleading to plaintiff's Complaint with this Court. The Retreat's responsive pleading will be timely filed with the United States District Court.

Dated: May 7, 2020

Respectfully Submitted,
THE BRATTLEBORO RETREAT,
By its attorneys,
JACKSON LEWIS P.C.

*/s/ Martha Van Oot*

Martha Van Oot, VT # 4117
100 International Drive, Suite 363
Portsmouth, NH 03801
E-mail: martha.vanoot@jacksonlewis.com
Telephone: 603.559.2735
Fax: 603.559.2701

## CERTIFICATION

I certify that a copy of the within pleading was served this day on the counsel for the Plaintiff, John C. Mabie, Esq., Windham Law, PLC, 45 Linden Street, Brattleboro, VT 05301 (jmabie@windhamlawvt.com) via the Court's electronic filing system and by e-mail.

Dated: May 7, 2020

*/s/ Martha Van Oot*

Martha Van Oot, VT # 4117

4824-1073-0427, v. 1

2