```
                                                    U.S. DISTRICT COURT
                                                    DISTRICT OF VERMONT
         UNITED STATES DISTRICT COURT                      FILED
                  FOR THE
           DISTRICT OF VERMONT                      2020 JUL 31  AM 10: 47

                                                          CLERK
ELISABETH DIGNITTI,            )                    BY_____
                               )                         DEPUTY CLERK
    Plaintiff,                 )
                               )
        v.                     )   Case No. 2:20-cv-00072
                               )
THE BRATTLEBORO RETREAT,       )
                               )
    Defendant.                 )
```

**ENTRY ORDER DENYING DEFENDANT'S MOTION TO STRIKE**
(Doc. 3)

Plaintiff Elisabeth Dignitti brings this suit against Defendant The Brattleboro Retreat alleging she was subjected to sexual harassment in her workplace and retaliated against in violation of 21 V.S.A. § 495. Plaintiff, a New Hampshire resident, was a Registered Nurse at Defendant's facility in Brattleboro, Vermont. She originally filed her Complaint in Vermont Superior Court, Windham Unit, on May 7, 2020. Defendant removed the action to federal court on May 8, 2020.

In her Complaint, Plaintiff alleges that she was present for a meeting in which her supervisor and other managers made "jokes of a sexual nature about a male nurse," whom she names in her allegations. (Doc. 1-1 at 4, ¶ 20.) The male nurse is allegedly a central and vocal member of an employees' union which, at the time of the conversation, was engaged in a "contentious contract negotiation" with Defendant. *Id.* at ¶ 22. Among other incidents, Plaintiff asserts that this conversation subjected her to unlawful sexual harassment in violation of 21 V.S.A. § 495h "by failing to keep her workplace free from sexual harassment." *Id.* at 5, ¶ 35. In retaliation for later confronting her supervisor and the managers about this conversation, she contends that she was terminated from Defendant's employment in violation of 21 V.S.A. § 495.

On May 13, 2020, Defendant filed a motion to strike the name of the male nurse

who was the alleged target of the sexual harassment under Fed. R. Civ. P. 12(f). (Doc. 3.) Defendant argues that the inclusion of this individual's name in the Complaint is "superfluous and immaterial" to Plaintiff's claims and should be stricken "to avoid embarrassment to[] and invasion of the privacy of the male employee . . . who is not claiming that he was subjected to sexual harassment." (Doc. 3 at 2.) With regard to Plaintiff's allegations that the remarks were made in the context of union contract negotiations, Defendant contends the inclusion of the male nurse's name "has the potential to cause unfair and unnecessary prejudice to [Defendant]." *Id.*

Plaintiff opposes the motion to strike, arguing that the male nurse's identity and involvement in union activities is material because it demonstrates that one of the reasons provided for her termination—that she engaged in "union busting" activities—was pretextual. (Doc. 13 at 2.) Plaintiff represents that she "consulted" the male nurse "as to the inclusion of his name in the Complaint and [he] stated an express desire to remain named." *Id.* at 3.

Plaintiff is represented by John C. Mabie, Esq. Defendant is represented by Martha Van Oot, Esq.

Pursuant to Fed. R. Civ. P. 12(f), the court may upon a motion made by either party "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "[T]he courts should not tamper with the pleadings unless there is a strong reason for so doing." *Lipsky v. Commonwealth United Corp.*, 551 F.2d 887, 893 (2d Cir. 1976). As a result, "[m]otions to strike are viewed with disfavor and are not frequently granted." *Operating Eng'rs Local 324 Health Care Plan v. G & W Constr. Co.*, 783 F.3d 1045, 1050 (6th Cir. 2015); *see also MadGrip Holdings, LLC v. West Chester Holdings, Inc.*, 2017 WL 4335028, at *3 (D. Vt. Sept. 27, 2017) (holding motions to strike are "disfavored," which is "particularly so when . . . there has been no significant discovery") (alteration in original) (citation omitted).

"In order to succeed on a motion to strike, it must be shown that the allegations being challenged are so unrelated to plaintiff's claims as to be unworthy of any consideration . . . and that their presence in the pleading throughout the proceeding will

be prejudicial to the moving party." *Citibank N.A. v. City of Burlington*, 971 F. Supp. 2d 414, 422 (D. Vt. 2013) (citation and internal quotation marks omitted).

Here, Defendant has not shown that the inclusion of the male nurse's name serves "no purpose except to inflame the reader" and will cause prejudice to Defendant in this litigation. *Oram v. SoulCycle LLC*, 979 F. Supp. 2d 498, 512 (S.D.N.Y. 2013). The nurse in question consented to the use of his name in the Complaint. He thus will not suffer embarrassment or an invasion of privacy from its continued presence in the public record.

Defendant also has not provided a compelling reason as to why it will suffer the type of prejudice that warrants striking the male nurse's name because of his alleged role in a union dispute. *Cf. Giroux v. Foley*, 2020 WL 1677073, at *7 (D. Vt. Apr. 6, 2020) (striking allegations regarding child sexual assault of unnamed minor victims of sexual assault decades previously where those minors were neither parties nor witnesses and where defendant had inadequate notice of their unspecified complaints regarding his conduct). The suggestion that members of Defendant's management targeted the nurse is neither sufficiently "scandalous" nor "impertinent" so as to require that his name be stricken pursuant to Fed. R. Civ. P. 12(f).

For the foregoing reasons, the court DENIES Defendant's motion to strike. (Doc. 3.)

SO ORDERED.

Dated at Burlington, in the District of Vermont, this 31st day of July, 2020.

_____
Christina Reiss, District Judge
United States District Court